IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| AVETIK MOSKONVIAN, | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV214-123 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR212-24) |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Avetik Moskonvian (Moskonvian"), who is currently housed at the Reeves County Detention Center III in Pecos, Texas, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The Government filed a Motion to Dismiss, and Moskonvian filed a Response. For the reasons which follow, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Moskonvian was convicted in this Court after pleading guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The Honorable Lisa Godbey Wood sentenced Moskonvian to 76 months' imprisonment. Moskonvian did not file a direct appeal.

---

[1] Moskonvian was indicted and prosecuted as "Avetik Moskovian". The undersigned refers to him as "Moskonvian" in this Report, as that is how Moskonvian has identified himself in his pleadings in this case.

AO 72A
(Rev. 8/82)

In his motion, Moskonvian asserts that the Court erred in accepting the offense level contained in his Pre-Sentencing Investigation ("PSI") report, which was increased based on his aggravating role in the charged offense. The Government contends that Moskonvian's motion is barred by the waiver provision contained in his plea agreement.

## DISCUSSION AND CITATION TO AUTHORITY

The Government contends that Moskonvian's plea agreement contains a waiver of appeal and collateral attack, which is enforceable because the plea agreement was entered into knowingly and voluntarily. The Government asserts that the waiver contained in the plea agreement bars Moskonvian's collateral attack on his sentence. Moskonvian alleges that he can attack his sentence in this section 2255 motion because his sentence exceeds the length of imprisonment that the United States Sentencing Guidelines support.

It is well-settled that a waiver of appeal[2] provision is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable

---

[2] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D.Ga. 2004).

legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Brown v. United States, 256 F. App'x 258, 261–62 (11th Cir. 2007).

Moskonvian and his attorneys, George Mgdesyan and David Ghazi, negotiated a plea agreement with the Government, and Moskonvian agreed to plead guilty to the charged offense. A "Limited Waiver of Appeal" also was included as part of this plea agreement. This section provided:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a [28 U.S.C.] § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(CR212-24, Doc. No. 47, p. 6).

Moskonvian appeared before Chief Judge Wood for his change of plea, or Rule 11, hearing. Chief Judge Wood addressed Moskonvian and informed him that he: did not have to prove he was innocent and that the Government had to prove he was guilty of the charged crime; would have the assistance of an attorney at no charge, if he needed that; would have the right to confront the Government's witnesses against him and to see the Government's evidence; could present evidence and witnesses himself; and had the right to not incriminate himself by testifying. (CR212-24, Doc. No. 65-1, pp. 9–11). Chief Judge Wood informed Moskonvian that, if he pleaded guilty and she

AO 72A
(Rev. 8/82)

accepted this plea, he would be waiving these rights attached to a trial by jury. (Id. at p. 11). Chief Judge Wood also informed Moskonvian that she wanted him to understand the charge to which he would plead guilty is a felony, that convicted felons lose certain rights, and that his guilty plea could affect his immigration status. (Id. at p. 12). Chief Judge Wood reviewed the charges alleged in the indictment, (id. at pp. 13–15), and advised Moskonvian that, "Now, the maximum possible penalty I could ever impose is imprisonment for not more than 20 years, a fine of $500,000, or both, a special assessment of $100, and a period of supervised release of not more than five years." (Id. at pp. 15–16). Chief Judge Wood asked Moskonvian if he understood the maximum possible penalty that could be imposed, and he stated he did understand. (Id. at p. 16). Chief Judge Wood then informed Moskonvian that the advisory Sentencing Guidelines provide for a range for his sentence, and these Guidelines allow for certain factors, such as Moskonvian's underlying conduct, criminal history, and acceptance of responsibility. Moskonvian indicated his understanding of all of these matters. (Id. at pp. 16–17). Chief Judge Wood inquired whether anybody had promised him an exact sentence, and Moskonvian said no one had. (Id. at p. 17). Chief Judge Wood advised Moskonvian, "That is good because at this point all anybody can do is give you their best guess. And it is just that. It is a guess. It is not binding upon me." (Id. at p. 18).

Additionally, Chief Judge Wood asked the prosecuting Assistant United States Attorney ("AUSA") to summarize the provisions of the plea agreement. AUSA Brian Rafferty stated:

> Pursuant to the plea agreement, provided the Defendant truthfully admits the offense and all relevant conduct to the Government, the Court, and the Probation Office and does not engage in any additional criminal conduct from the time of his initial appearance in this case, the Government agrees

AO 72A
(Rev. 8/82)

to not object to a recommendation from the probation officer that the Defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines;

That any information the Defendant provides to the Government concerning his unlawful activities in accordance with § 1B1.8 of the guidelines will not be used against the Defendant, nor will it be used in determining the applicable guideline range; To forebear prosecution of all federal offenses within the Southern District of Georgia which are disclosed by the Defendant as a part of the Defendant's cooperation in this agreement, except for crimes of violence, perjury, false statements, obstruction of justice, tax, and civil rights offenses.

For the purposes of sentencing, the Government will recommend that the loss amount is more than $400,000 and less than $1 million, and we will advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the Defendant, and to consider whether such cooperation qualifies as substantial assistance under 18 U.S.C. § 3553 and guideline § 5K1.1. The Defendant promises to plead guilty to Count One of the Indictment, to acknowledge at the time of the plea the truth of the factual basis contained in the plea agreement.

(Id. at pp. 18–19). AUSA Rafferty described the limited waiver as follows:

To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum, and the Defendant may file a direct appeal of his sentence if by variance or upward departure, the sentence is higher than the advisory guideline range as found by the Court.

The Defendant understands that this plea agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of his sentence. For the record, that appeal waiver appears on page 3, Roman numeral two C of the plea agreement.

(Id. at pp. 19–20).

Chief Judge Wood then addressed Moskonvian and his counsel.

THE COURT: Mr. Ghazi, is that summary consistent with the agreement that you and your colleagues negotiated?

MR. GHAZI: It is, Judge. It is, Your Honor.

THE COURT: Thank you. And is that consistent with the agreement that you signed?

THE DEFENDANT: Yes.

THE COURT: Did you have it translated for you before you signed it?

THE DEFENDANT: Yes.

THE COURT: Did your attorneys answer all your questions about it?

THE DEFENDANT: Yes.

THE COURT: Other than the provisions that are in that agreement, has anybody made you any outside promises in your case?

THE DEFENDANT: No.

THE COURT: I do want you to hear from me, as well, that your agreement that you propose does contain a waiver of your appeal rights.

THE DEFENDANT: I understand.

THE COURT: To the maximum extent permitted by federal law, you agree to waive the ability to appeal the conviction and the sentence.

There are three exceptions to that waiver. That is, you would get back an appeal right if one of these three things were to happen. Number one, if I sentenced you above the statutory maximum, you would get to appeal that directly. Number two, if I sentenced you above the advisory guideline range as found by me, you could appeal that directly.

THE DEFENDANT: I understand.

THE COURT: Or number three, if the Government were to file a direct appeal, then you, likewise, could lodge a direct appeal.

THE [DEFENDANT]: I understand.

AO 72A
(Rev. 8/82)

> THE COURT: Other than those three exceptions, by virtue of this plea agreement, you waive all other appellate rights.
>
> THE DEFENDANT: I understand.
>
> THE COURT: Do you have any questions regarding that waiver?
>
> THE DEFENDANT: I don't have questions regarding this waiver[.]

(Id. at pp. 21–22). Chief Judge Wood asked Moskonvian if he wanted to plead guilty to the single count in the indictment because he was guilty of that offense, and Moskonvian said he did. Chief Judge Wood also asked Moskonvian if he understood the rights he was giving up if she accepted his plea, and he said he did. (Id. at pp. 23–24). Chief Judge Wood found Moskonvian's plea to be knowing and voluntary. (Id. at p. 25). The Government then provided a factual basis for Moskonvian's plea of guilty. (Id. at pp. 25–36). After hearing from Moskonvian again, Chief Judge Wood accepted Moskonvian's plea and adjudged him guilty of the charged offense. (Id. at pp. 36–37). Chief Judge Wood advised Moskonvian that the probation officer would prepare a PSI and issue a report, which would be disclosed to the defense and the Government, and a sentencing hearing would be scheduled. (Id. at p. 37).

During the sentencing hearing, Moskonvian's attorneys raised objections to certain aspects of the PSI, most notably the recommended three (3) point increase for Moskonvian's role in the conspiracy. (CR212-24, Doc. No. 66, p. 12). Chief Judge Wood entertained counsel's objection to this increase and, after hearing from the Government and lead case agent Mark Anthony Alig of the Federal Bureau of Investigation, (id. at pp. 12–29), Chief Judge Wood overruled this objection based on "a clear preponderance of the evidence[.]" (Id. at p. 29). Chief Judge Wood noted that she found Moskonvian was a manager or supervisor of others and that the money

AO 72A
(Rev. 8/82)

laundering at issue involved at least five (5) people. (Id. at p. 30). Chief Judge Wood determined that the advisory Guidelines range was a total offense level of 26 and a criminal history category of I, which calls for 63 to 78 months' imprisonment. (Id. at p. 33). Chief Judge Wood considered Moskonvian's arguments to her during sentencing, counsel's memoranda, the PSI, and the statutory factors before pronouncing Moskonvian's 76-month sentence. (Id. at pp. 54–55).

The record clearly indicates that Moskonvian understood the implications of entering a guilty plea, as well as the meaning of the waiver condition. In addition, Chief Judge Wood specifically questioned Moskonvian about this condition during the Rule 11 hearing. Mottola, 394 F. App'x at 568. Moskonvian's sentence of 76 months' imprisonment fell within the 63 to 78 months Guidelines range, *as found by Judge Wood*, and well below the statutory maximum of 20 years' imprisonment he potentially faced. (See CR212-24, Doc. No. 4). To be clear, the limited waiver allowed for Moskonvian to appeal or to otherwise attack his sentence if, "by variance or upward departure, the sentence is higher than the advisory sentencing guideline range *as found by the sentencing court.*" (CR212-24, Doc. No. 47, p. 6) (emphasis added). Moskonvian was not sentenced to a term of imprisonment higher than the advisory Guidelines range Chief Judge Wood found to be appropriate. Moskonvian's claim clearly falls within the limited waiver condition of his plea agreement, and he is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Moskonvian's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)