# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| AVETIK MOSKONVIAN, | * |
| | * |
| Petitioner, | *  CIVIL ACTION NO.: CV214-123 |
| | * |
| v. | * |
| | *  Criminal Case No. CR212-024 |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

## ORDER

Presently before the Court are Avetik Moskonvian's[1] ("Moskonvian") Objections to Magistrate Judge James E. Graham's Report and Recommendation. Dkt. No. 8. After an independent and *de novo* review of the entire record: Moskonvian's Objections, dkt. no. 16, are **OVERRULED**; the undersigned concurs with the Magistrate Judge's Report and Recommendation; the Magistrate Judge's Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court; the United States of America's Motion to Dismiss, dkt. no. 3, is **GRANTED**; and Moskonvian's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, is **DISMISSED**.

---

[1] As the Magistrate Judge noted, Moskonvian was indicted and prosecuted as "Avetik Moskovian", yet he identified himself as "Moskonvian" in several pleadings in this case, including his original Motion.

I. **Background**

Moskonvian is currently incarcerated at the Taft Correctional Institute in Taft, California. Moskonvian was convicted in this Court after pleading guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Moskonvian was sentenced to 76 months' imprisonment. United States v. Moskovian, CR212-24, Dkt. Nos. 44, 46, 47, 60, 61 (S.D. Ga.). As part of his plea agreement with the Government, Moskonvian agreed to waive his right to challenge his conviction and/or sentence unless certain conditions (discussed below) occurred. Id. at Dkt. No. 47, pp. 2-3, 6. Moskonvian did not file a direct appeal.

Moskonvian commenced this action on August 18, 2014, by filing a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. He asserted the Court erred in accepting the offense level contained in the Pre-Sentence Investigation report ("PSI"), which was increased based on his role in the charged offense. The Government moved to dismiss Moskonvian's Motion based on its contention Moskonvian's plea agreement bars his collateral attack. Moskonvian responded that his sentence exceeds the length of imprisonment under the United States Sentencing Guidelines, which allows him to challenge his sentence pursuant to Section 2255.

2

Magistrate Judge Graham determined Moskonvian waived his rights knowingly and voluntarily by pleading guilty to the charged offense. In so finding, Magistrate Judge Graham determined the record "clearly indicates that Moskonvian understood the implications of entering a guilty plea, as well as the meaning of the waiver condition[ ]" contained in his plea agreement with the Government. Dkt. No. 8, p. 8.

Moskonvian filed Objections to Magistrate Judge Graham's Report and Recommendation. In his Objections, Moskonvian maintains, by the very terms of the limited appeal waiver contained in his plea agreement, he may collaterally attack his sentence if his sentence is higher than the advisory Guidelines' range based on sentence variance or an upward departure. Dkt. No. 16, p. 2. Moskonvian asserts this waiver remains open to challenge based on claims of ineffective assistance of counsel, prosecutorial misconduct, or the legitimacy of the plea agreement itself. Moskonvian also asserts the Government's stance in his case is in contravention of the United States Attorney General's memorandum instructing United States Attorney's offices from enforcing waivers in Section 2255 cases in which ineffective assistance of counsel claims are made. Id. at p. 4. The Court addresses Moskonvian's assertions raised in his Objections.

3

## II. Discussion

### A. Validity of Plea Agreement/Waiver of Appeal

Moskonvian argues that his counsel, George Mgdesyan, presented a plea agreement to him which called for a Guidelines range of 46 to 53 months' imprisonment based on an offense level of 23 and a criminal history category I. Moskonvian avers he signed this agreement, which "constituted the extent of his understanding and expectation of the terms." Id. at p. 3. Moskonvian asserts the Government presented the Court with a different agreement than what he signed, which exposed him to a substantially higher sentence than he thought he would receive. Moskonvian accuses the Government of baiting him with the original plea agreement and then switching it with another plea agreement at the Rule 11, or change of plea, hearing.

Moskonvian failed to raise any argument that the Government breached its agreement with him by using a "bait and switch" tactic in his original Section 2255 motion or in his response to the Government's Motion to Dismiss. Instead, Moskonvian claimed in both pleadings that the Court erred by imposing a three-level enhancement, which led to a corresponding increase in the Guidelines sentencing range applicable to him. Dkt. Nos. 1, 7.

It is problematic that Moskonvian brings the "bait and switch" argument before the Court for the first time in his Objections, despite having ample opportunity to do so

4

previously. For instance, Moskonvian's response to the Government's motion to dismiss—in which the Government maintained Moskonvian's collateral attack on his sentence is barred by the limited appeal waiver contained in his plea agreement—would have been an appropriate time to raise any "bait and switch" argument Moskonvian wished to present. However, he failed to make any such argument. Moskonvian's failure to raise this argument before the Magistrate Judge is an independent ground for overruling his objection. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009).

Moreover, the record before the Court completely belies Moskonvian's "bait and switch" assertion. Magistrate Judge Graham thoroughly examined the record before the Court to determine Moskonvian's plea was knowing and voluntary. Dkt. No. 8, pp. 3-8. While the undersigned will not repeat the Magistrate Judge's analysis and conclusion on this issue verbatim, it is important to note specific instances contained in the record which rebut Moskonvian's argument. Specifically, the plea agreement itself, which contains Moskonvian's signature, directed Moskonvian that there were three (3) instances in which he would not "voluntarily and expressly" waive his right to challenge his sentence and conviction: 1) his sentence exceeds the statutory maximum; 2) the sentence is higher, by variance or upward departure, than the advisory

5

guideline range as found by the Court; and 3) if the Government filed an appeal of the sentence imposed. CR212-24, Dkt. No. 47, p. 6. The Agreement also states, "the Court is free to impose any sentence authorized by law, up to the statutory maximum sentence of twenty (20) years imprisonment, a fine up to $500,000, a term of supervised release of not more than five (5) years, and a special assessment of $100 as to Count One." Id. at pp. 11-12. The agreement also made clear that Moskonvian **"understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by the defendant's counsel or the United States Attorney."** Id. at p. 12 (emphasis in original).

Before accepting the plea agreement at the Rule 11 hearing, the Court took significant measures to ensure that Defendant was aware of the terms of the plea agreement, that he knowingly and voluntarily entered into the agreement, and that he wanted to plead guilty under the terms of the agreement. The Court informed Moskonvian during his Rule 11 hearing that the statutory maximum sentence he faced was 20 years' imprisonment and that the Court would consider the advisory Guidelines range for his sentence. Moskonvian stated he understood. Dkt. No. 8, p. 4 (citing CR212-24, Dkt. No. 65-1, pp. 15-16.) Additionally, the Court asked Moskonvian whether anyone had promised him an

exact sentence, and Moskonvian replied no one had. Id. (citing CR212-24, Dkt. No. 65-1, p. 17.) In fact, the Court noted no one could promise Moskonvian an exact sentence "because at this point all anybody can do is give you their best guess. And it is just that. It is a guess. It is not binding upon me." Id. (quoting CR212-24, Dkt. No. 65-1, p. 18.) The Court inquired of Moskonvian: whether the plea agreement, as summarized by the Assistant United States Attorney, was consistent with the agreement he signed; whether the plea agreement was translated before he signed it; and whether his attorneys answered all of Moskonvian's questions. Id. at p. 6 (quoting CR212-24, Dkt. No. 65-1, pp. 21-22.) Moskonvian answered in the affirmative to these questions. In addition, the Court asked Moskonvian whether anyone had made him any promises outside of the plea agreement, and he reiterated no one had promised him anything outside of the plea agreement. Id. After hearing the Assistant United States Attorney's ("AUSA") summary of the plea agreement, the Court inquired of Moskonvian's counsel whether the summary was consistent with the agreement Moskonvian's counsel and the Government negotiated. The Court also inquired whether the AUSA's summary was consistent with the agreement Moskonvian signed, and he replied that it was. Id. (citing CR212-24, Dkt. No. 65-1, p. 21.)

7

Moskonvian's 76-month sentence fell within the Guidelines range, as found by the Court. He cannot now attempt to challenge this sentence based on spurious contentions which are clearly contradicted by the record of this case. Winthrop-Redin v. United States, 767 F.3d 1210, 1216-17 (11th Cir. 2014) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); Blackledge v. Allison, 431 U.S. 63, 74 (1977) (reasoning that solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, "as are contentions that in the face of the record are wholly incredible."). For these reasons, Moskonvian's Objections based on the validity of the plea agreement are without merit.

### B. Ineffective Assistance of Counsel Claims

While it appears Moskonvian makes an ineffective assistance claim in only the most conclusory manner, the Court construes his apparent assertion liberally. It appears Moskonvian asserts his counsel was ineffective because he presented Moskonvian with an agreement which had a different sentencing range than the Court determined. If this is Moskonvian's claim, he is correct that ineffective assistance of counsel claims can, in certain

circumstances, provide an exception to the limited appeal waivers contained in plea agreements. However, this does not equate with Moskonvian presenting a claim which would allow him to proceed with the merits of his Section 2255 motion.

In Patel v. United States, 252 F. App'x 970 (11th Cir. 2007), the Eleventh Circuit Court of Appeals pointed to its decision in Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), and stated:

> We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing. Williams, 396 F.3d at 1342. We have not specifically reached the issue of whether a valid appeal waiver can preclude § 2255 claims based on ineffective assistance of counsel that challenge the validity of the plea or the waiver itself. In Williams, however, we noted that there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement.

Patel, 252 F. App'x at 974 (internal punctuation and citation omitted). The Eleventh Circuit found in Patel that the movant could assert a Section 2255 claim that his plea was involuntary because his attorney and family members coerced him into pleading guilty despite a collateral attack waiver contained in his plea agreement. Id. at 975. Nonetheless, the court found that Patel's allegation was not meritorious. Specifically, the Eleventh Circuit determined Patel's allegations that his plea was involuntary because he was coerced into pleading guilty and

9

that his attorney promised him that he would receive a certain sentence if he pled guilty was "in direct conflict with his statements during the plea colloquy, and [Patel] has produced no evidence to challenge the veracity of his sworn testimony." Id. The Eleventh Circuit noted that, while there was a question whether his attorney promised a specific sentence, Patel did not mention any promise during the plea colloquy, and, in fact, he confirmed no one had promised him anything in exchange for his plea. Id. The Eleventh Circuit also noted that Patel: stated he was satisfied with his counsel's performance; indicated he read, reviewed with his attorney, understood, and signed the plea agreement; and was asked whether he understood he was giving up his right to appeal and to collaterally attack his sentence. Id. Accordingly, the Eleventh Circuit rejected Patel's claim that his plea was involuntary due to ineffective assistance.

Like the movant in Patel, Moskonvian's assertion of ineffective assistance is "a last-minute attempt to escape the preclusive effect of [his] appeal waiver." Id. As noted above and in the Magistrate Judge's Report and Recommendation, the record belies any contention that Moskonvian's counsel was ineffective in presenting the plea agreement to him. Moskonvian testified at the plea hearing that he was fully aware of the terms of the agreement he entered, and he has failed to present

AO 72A
(Rev. 8/82)

present any evidence contradicting that sworn testimony. Consequently, Moskonvian's Objections based on ineffective assistance of counsel are without merit.

### III. Conclusion

Moskonvian's Objections, dkt. no. 16, are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court. The United States of America's Motion to Dismiss, dkt. no. 3, is **GRANTED**. Moskonvian's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 12 day of June, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)